# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANILO VILLEGAS,

        Plaintiff,

vs.                                     No. CIV 10-01108 BB/CG

ERIC H. HOLDER, JR., ATTORNEY
GENERAL OF THE UNITED STATES,
JANET NAPOLITANO, SECRETARY FOR
DEPARTMENT OF HOMELAND SECURITY,
THE DIRECTOR OF THE UNITED STATES
CITIZEN & IMMIGRATION SERVICES,
*et al.*

        Defendants.

## ORDER CONVERTING MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendants' *Motion to Dismiss* (Doc. 14) ('Motion'). Plaintiff did not respond to Defendants' Motion. The Court, having considered the Motion, the relevant law, and otherwise being fully advised in the premises, **FINDS** that Defendants' Motion should be converted to a motion for summary judgment.

Defendants have moved to dismiss Plaintiff's *Writ of Mandamus Requesting the Court to Invoke it's Jurisdiction to Conduct Petitioner's Examination and Process his Application for Citizenship,* (Doc. 1) ('Writ'), under a number of different theories. Defendants have moved to dismiss the Writ pursuant to FED R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction and have moved for summary judgment pursuant to FED R. CIV. P. 12b(b)(6). (Doc. 14 at 4-6). Defendants claim that the Court has no jurisdiction to consider Plaintiff's request that the court process his application for citizenship because he

not have a pending naturalization application before the United States Citizen & Immigration Services ('USCIS'). (*Id.* at 4). In support of their Motion, Defendants have attached several affidavits showing, *inter alia*, that USCIS scheduled Plaintiff for an naturalization interview, the Plaintiff failed to appear for his interview, that USCIS administratively closed Plaintiff's application for naturalization, and that USCIS denied Plaintiff's motion to reopen his naturalization application. (*Id.* at 2-3; Doc. 14, Ex. 6, Ex. 7, Ex. 8, Ex. 9, Ex. 10).

The general rule with regard to motions to dismiss is that a court may not consider any pleadings or information outside of the complaint. *See* FED. R. CIV. P. 12(b)(6); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). When additional materials are appended to a motion to dismiss, a court should convert the motion to dismiss into a motion for summary judgment and afford all parties notice of the conversion so that they might submit materials in accordance with Rule 56 of the Federal Rules of Civil Procedure. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996). Defendants contend that, in considering a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), "a district court is not bound by the pleadings and may weigh the evidence to determine whether it has the power to hear the case . . . Furthermore, the court may consider evidence outside of the initial pleadings submitted on the issue of jurisdiction." (Doc. 14 at 4 (citing *Begay v. Public Service Co. of N.M.*, 710 F. Supp. 2d 1161, 1180 (D.N.M. 2010); *U.S., ex rel. Baker v. Community Health Systems, Inc.*, 709 F. Supp. 2d 1084, 1094 (D.N.M. 2010); *NAACP v. American Family Mut. Ins. Co.*, 978 F.2d 287, 293 (7th Cir. 1992)). While this is generally true, a court must still convert a 12(b)(1) motion into a motion for summary judgment if "resolution of the jurisdictional question is intertwined with the merits of the case." *Holt v.*

*United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.3d 257, 259 (10th Cir. 1987). The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependant on the same statute upon which the complaint substantively relies. *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991); *Wheeler*, 825 F.2d at 259.

In this case, the jurisdictional question is intertwined with the merits of the case. Plaintiff relies on 8 U.S.C. § 447(b) for the proposition that the court may consider and grant his application for naturalization. (Doc. 1 at 2-6). Section 447(b) states that,

> If there is a failure to make a determination [of Plaintiff's naturalization application] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . Such Court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.

8 U.S.C. § 447(b). Defendants contend that the Court lacks subject matter jurisdiction because Plaintiff never received an "examination" pursuant to section 447(b). (Doc. 14 at 4-6). For that reason, Plaintiff's substantive entitlement to relief is intertwined with the question of whether this Court possesses jurisdiction to consider his complaint.

**IT IS THEREFORE ORDERED** that the parties are hereby given formal notice that the motion to dismiss is converted to a motion to summary judgment. The parties are permitted thirty (30) days from the date of this order to submit supplementary materials should they so choose.

_____

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE