## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANILO VILLEGAS

        Petitioner,

vs.                                                                 No. CIV 10-01108 BB/CEG

ERIC H. HOLDER, JR., ATTORNEY
GENERAL OF THE UNITED STATES,
JANET NAPOLITANO, SECRETARY FOR
DEPARTMENT OF HOMELAND SECURITY,
THE DIRECTOR OF THE UNITED STATES
CITIZEN & IMMIGRATION SERVICES,
*Et al.*

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendants' *Motion to Dismiss*. (Doc. 14). Plaintiff did not respond to Defendants' Motion. Plaintiff seeks to have the Court process his application for citizenship or remand the case to the United States Citizen & Immigration Service ("USCIS") to have USCIS process his application. (Doc. 1). Defendants contend that this Court lacks jurisdiction to hear Plaintiff's case because he does not have a pending naturalization application before USCIS. (Doc. 14 at 4). The Court, having considered the Motion, the relevant law, and otherwise being fully advised in the premises, **RECOMMENDS** that Defendants' Motion be **GRANTED** and that Plaintiff's *Writ of Mandamus Requesting the Court to Invoke it's Jurisdiction to Conduct Petitioner's Examination and Process his Application for Citizenship*, (Doc. 1), be **DISMISSED**.

### I.    Background

Plaintiff Danilo Villegas is a citizen of the Republic of Colombia. (Doc. 14, Ex. 10 at

2). Plaintiff became a lawful permanent resident of the United States in September of 1990. (*Id.*). In November of 1996, Plaintiff returned to Colombia for several months. (Doc. 14, Ex. 1 at 2-4). Plaintiff returned to the United States in February of 1997 and, while reentering at the Miami International Airport, Plaintiff's luggage was searched and approximately two pounds of heroin was found hidden in his luggage. (Doc. 14, Ex. 1 at 2-4; Doc. 14, Ex. 3). Plaintiff was charged with importing two pounds of heroin, counterfeit currency, and counterfeit designer sunglasses. (Doc. 14, Ex. 4 at 2). Plaintiff was ultimately convicted of importation of heroin and possession with intent to deliver heroin and he received a sentence of fourteen years in prison. (Doc. 14, Ex. 5 at 2-3). Upon Plaintiff's release from prison in 2009, agents from Immigration and Customs Enforcement ('ICE') determined that Plaintiff was subject to mandatory deportation due to his drug trafficking conviction and he was taken into ICE custody. (*See* Civ. 10-405 MCA/LFG, Doc. 19 at 2). Plaintiff was ordered removed from the country and he was deported to Colombia on April 27, 2011. (Civ. 10-405 MCA/LFG, Doc. 28 at 1).

On January 31, 1997, while Plaintiff was still in Colombia, the United States Immigration and Naturalization Service ('INS') received Plaintiff's application for naturalization. (Doc. 14, Ex. 2 at 2).[1] Unaware of Plaintiff's subsequent incarceration, USCIS scheduled an interview in connection with his naturalization application for August 21, 1997. (Doc. 14, Ex. 6 at 1). Plaintiff did not appear at the August 21 interview because

---

[1] As Defendants point out, the INS was dissolved following the Homeland Security Act of 2002. Pub.L. No.107-296, 116 Stat. 2135. The INS' functions were transferred to the Department of Homeland Security, and the USCIS was created within the Department of Homeland Security to process naturalization applications. 6 U.S.C. § 251, 259. For ease of review, the Court will refer to the administrative agency reviewing Plaintiff's immigration application as USCIS.

he was incarcerated. (*Id.*). USCIS scheduled a second interview for December 23, 1997, which Plaintiff also missed. (*Id.*). Pursuant to 8 C.F.R. § 335.6(a), Plaintiff was deemed to have abandoned his application and his application was closed on December 23, 1997. (Doc. 14, Ex. 8). Section 335.6(a) provides that

> An applicant for naturalization shall be deemed to have abandoned his or her application if he or she fails to appear for the examination . . . and fails to notify the Service of the reason for non-appearance within 30 days of the scheduled examination . . . In the absence of a timely notification, the Service may administratively close the application without making a decision on the merits.

*Id.* In October of 2001, more than three years after USCIS closed his application, Plaintiff requested that his naturalization application be reopened. (Doc. 14, Ex. 8 at 4-6). Plaintiff stated that he had not received notice of the two scheduled interviews due to his incarceration. (*Id.* at 5). Pursuant to regulation, USCIS denied Plaintiff's request to reopen his application. (Doc. 14 at 3); 8 C.F.R. § 335.6(c) ("If the applicant does not request reopening of an administratively closed application within one year from the date that the application was closed, the Service will consider that application to have been abandoned, and shall dismiss the application without further notice to the applicant.").

## II.   Standard of Review

Defendants have brought their motion to dismiss under Fed. R. Civ. P. 12(b)(1), which provides that defendants may move to dismiss a pleading due to lack of subject-matter jurisdiction. (Doc. 14 at 1); Fed. R. Civ. P. 12(b)(1). While it is true that a district court may consider evidence outside of the pleadings without converting a 12(b)(1) motion into a motion for summary judgment, a court must still convert a 12(b)(1) motion into a motion for summary judgment if "resolution of the jurisdictional question is intertwined with

the merits of the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Wheeler v. Hurdman*, 825 F.3d 257, 259 (10th Cir. 1987)). The Court found that the jurisdictional question was intertwined with the merits of this case since the statute which permits this Court to grant Plaintiff's application - 8 U.S.C. § 447(b) - is the same statute which Defendants rely on in arguing that this Court is without jurisdiction to consider the Petition. (Doc. 16 at 3). Defendants' motion was accordingly converted into a motion for summary judgment. (*Id.*). Neither party submitted additional materials following the conversion.

Summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact[.]" FED. R. CIV. P. 56(c)(2). The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If this burden is met, the party opposing summary judgment must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Affidavits or other evidence offered by the nonmoving party must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmoving party. Although all facts are construed in favor of the nonmoving party, it is still Plaintiff's responsibility to "'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to [his] case' in order

4

to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005)

(quoting *Celotex,* 477 U.S. at 322).

The Court liberally construes Plaintiff's filings because he is proceeding *pro se. Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, a *pro se* non-moving party

must still "identify specific facts that show the existence of a genuine issue of material fact."

*Munoz v. St. Mary-Corwin Hospital,* 221 F.3d 1160, 1164 (10th Cir. 2000). Conclusory

allegations are insufficient to establish an issue of fact that would defeat the motion.

### III.   <u>Analysis</u>

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's

request for a writ of mandamus because he does not have a pending naturalization

application before USCIS. (Doc. 14 at 4). The Court concurs.

Plaintiff claims that this Court has jurisdiction over his naturalization application

pursuant to 8 U.S.C. § 1447(b). (*See, e.g.*, Doc. 1 at 3-4). Section 1447(b) provides:

> If there is a failure to make a determination [of a naturalization application] under section 1446 of this title before the end of the 120-day period *after the date on which the examination is conducted . . . the applicant may apply to the United States district court . . . for a hearing on the matter.* Such Court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

*Id.* (emphasis added). By the terms of the statute, this Court may review a pending

naturalization application only if 120 days has passed since the applicant completed the

examination required by 8 U.S.C. § 1446(a), (b). *See* 8 U.S.C. § 1446 ("Before a person

may be naturalized, an employee of the Service, or of the United States designated by the

Attorney General, shall conduct a personal investigation of the person applying for

naturalization . . . The Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization."). In this case, Plaintiff never received an examination with USCIS because he failed to appear for the two interviews that were scheduled. (Doc. 14, Ex. 6 at 1). Plaintiff has acknowledged that he never received an interview with USCIS. (Doc. 14, Ex. 9 at 5). As a result of missing the two interviews, USCIS administratively closed his application in 1997. (Doc. 14, Ex. 8). Therefore, Plaintiff does not have a pending naturalization application open before USCIS and, for that reason, Plaintiff has not met the jurisdictional prerequisites outlined in 8 U.S.C. § 1447(b). This Court is without jurisdiction to consider his request for a writ of mandamus.

### IV.   Recommendation

Because this Court is without jurisdiction to consider Plaintiff's petition, the Court **RECOMMENDS** that Defendants' *Motion to Dismiss*, (Doc. 14), be **GRANTED**, and that Plaintiff's *Writ of Mandamus Requesting the Court to Invoke it's Jurisdiction to Conduct Petitioner's Examination and Process his Application for Citizenship*, (Doc. 1), be **DISMISSED**. The Court further recommends that Plaintiff's *Motion for Appointment of Counsel*, (Doc. 15), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE